**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| WARDELL HARVEY, | : | |
| | : | Civ. No. 16-8181 (RMB) |
| Plaintiff, | : | |
| | : | |
| v. | : | OPINION |
| | : | |
| NORTHFIELD PD OFFICER PETE CZPLINSKI #643 *et al.*, | : | |
| | : | |
| Defendants. | : | |

**BUMB,** District Judge

Plaintiff Wardell Harvey filed this civil rights action on November 2, 2016, along with an application to proceed in forma pauperis ("IFP.") (Compl., ECF No. 1; IFP app., ECF No. 1-2.)[1]

---

[1] Plaintiff also filed a Notice of Motion, purportedly to be held before Chief Judge Jerome B. Simandle on December 19, 2016, requesting an order for "Punitive and Monitory" [sic] relief. (ECF No. 1-2.) Plaintiff served the motion on defendants. (Letter, ECF No. 2.) Counsel for defendants responded to the motion and opposed relief. (Id.) The Court will strike the motion as improvidently filed. At the time the motion was filed, Plaintiff had not been granted permission to proceed in forma pauperis, and his complaint had not been screened for dismissal, as required by 28 U.S.C. § 1915. See Local Civil Rule 5.1(f) ("[a]ny papers received by the Clerk without payment of such fees as may be fixed by statute or by the Judicial Conference of the United States for the filing thereof shall be marked "received"); 28 U.S.C. § 1915(a)(1) ("any court of the United States *may* authorize the commencement . . . of any suit. . . without prepayment of fees or security therefor . . ." (emphasis added). In any event, a plaintiff may not seek money damages on

1

Plaintiff's IFP application is properly completed pursuant to 28 U.S.C. § 1915, and establishes his financial inability to prepay the $400.00 filing fee. The IFP application will be granted. Therefore, the Court will review the Complaint as required by 28 U.S.C. § 1915(e)(2)(B).

I.   STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), district courts must screen complaints filed by plaintiffs who are proceeding in forma pauperis, and dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must contain sufficient factual matter, accepted as true, to "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.)

---

his claims by filing a motion, without first obtaining a judgment in his favor.

2

"While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 679.

Courts must liberally construe pleadings filed by pro se litigants. Erickson v. Pardus, 551 U.S. 89, 94 (2007). If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

II.  BACKGROUND

The Complaint arises out of Plaintiff's arrest on or about November 2, 2014. (Compl., ECF No. 1 at 4.) Plaintiff asserts jurisdiction under 42 U.S.C. § 1983. (Id. at 2.)

For purposes of screening the Complaint under 28 U.S.C. § 1915, the Court accepts as true the following facts alleged by Plaintiff. On November 1, 2015, around 11:44 p.m., Plaintiff was driving and noticed he was being followed by police officers who had harassed him in the past. (ECF No. 1 at 4.) Plaintiff tried to "make it to a lit and secured area[] with cameras (Walmart)." (ECF No. 1 at 4.) The police stopped Plaintiff before he made it to the Walmart lot. (Id.) Plaintiff stopped his car and exited, holding his hands in the air in surrender. (Id.) Plaintiff, while a gun was pointed at him, was handcuffed and beaten by Officers Gary Johnson, Jon D'Augustine and Sergeant Charles

3

Super. (Id.) These officers falsely charged Plaintiff with "assault and drugs." (Id.) Plaintiff suffered multiple facial fractures and required reconstructive surgery. (Id. at 5.) For relief, Plaintiff seeks money damages and a court order terminating Officers Gary Johnson, Jon D'Augustine and Sergeant Charles Super from their jobs. (Id.)

Plaintiff has also named the following officers as defendants, although nowhere in his Complaint does he allege what these defendants did to violate his rights: Pete Czplinski, Northfield PD Officer #643; Christopher Ruef, Egg Harbor Twp. PD #1594; Officer Benjamin Kollman #15191; and Det. S. Hiltner #15154. (ECF No. 1 at 2-3.)

III. DISCUSSION

    A.   Section 1983 claims

A plaintiff may assert a cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights. Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

4

To state a claim for relief under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and that the constitutional deprivation was caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1998); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011). "'Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" Bistrian v. Levi, 696 F.3d 352, 366 (3d Cir. 2012) (quoting Iqbal, 556 U.S. at 676)).

    1.   Pete Czplinski, Christopher Ruef, Benjamin Kollman, and S. Hiltner

To state a § 1983 claim, a plaintiff must allege the nature of the unconstitutional conduct, and the time, place, and persons responsible. Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (citing Boykins v. Ambridge Area Sch. Dist., 621 F.2d 75, 80 (3d Cir. 1980); Hall v. Pennsylvania State Police, 570 F.2d 86, 89 (3d Cir. 1978)). Plaintiff named the above officers as defendants but he did not allege what they did to violate his constitutional rights. The Complaint contains allegations that Officers Johnson, D'Augustine and Sergeant Super falsely arrested Plaintiff and beat him while he was handcuffed, but the complaint does not in any way disclose how Czplinski, Ruef,

5

Kollman and Hiltner were involved. Therefore, the Court will dismiss the § 1983 claims against these defendants without prejudice.

    2.   Excessive Force

"A cause of actions exists under § 1983 when a law enforcement officer uses force so excessive that it violates" the Fourth Amendment's protection from unreasonable search and seizure. Groman v. Township of Manalapan, 47 F.3d 682, 683-84 (3d Cir. 1995). When a police officer uses force to effectuate an arrest, that force must be reasonable. Id. at 634 (citing Graham v. Connor, 490 U.S. 386, 396 (1989)). The reasonableness of the force used is measured by "careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Id.

Here, Plaintiff alleges he was handcuffed and a gun was pointed at him while he was beaten by Officers Johnson, D'Augustine and Sergeant Super. Accepting Plaintiff's allegations as true for purposes of screening the Complaint

6

pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court will allow these claims to proceed.

### 3. False Arrest

"The proper inquiry in a section 1983 claim based on false arrest ... is not whether the person arrested in fact committed the offense but whether the arresting officers had probable cause to believe the person arrested had committed the offense." Groman, 47 F.3d at 634-35 (quoting Dowling v. City of Phila., 855 F.2d 136, 141 (3d Cir. 1988)). "[P]robable cause is defined in terms and circumstances sufficient to warrant a prudent man in believing that the suspect had committed or was committing a crime." Merkle v. Upper Dublin School Dist., 211 F.3d 782, 789 (3d Cir. 2000) (citing Sharrar v. Felsing, 128 F.3d 810, 817-18 (3d Cir. 1997)).

Plaintiff alleges, in a conclusory manner, that he was falsely arrested for assault and "drugs" by Officers Johnson, D'Augustine and Sergeant Super. In order to state a claim for relief, Plaintiff must explain why he believed the defendants lacked probable cause to arrest him. Therefore, the Court will dismiss the false arrest claims without prejudice.

## IV. CONCLUSION

The Court will grant Plaintiff's IFP application. Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the Court will dismiss without prejudice Plaintiff's § 1983 claims against Pete Czplinski,

7

Christopher Ruef, Benjamin Kollman, and S. Hiltner. The Court will also dismiss without prejudice Plaintiff's § 1983 false arrest claims against Gary Johnson, Jon D'Augustine and Charles Super. The Court will strike Plaintiff's notice of motion. Finally, Plaintiff's § 1983 claims for excessive force against Gary Johnson, Jon D'Augustine and Charles Super may proceed.

An appropriate order follows.

Date: December 22, 2016

                                              s/Renée Marie Bumb
                                              **RENÉE MARIE BUMB**
                                              **United States District Judge**