[Dkt. No. 24]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| WARDELL HARVEY, <br><br> Plaintiff, <br><br> v. <br><br> PETE CZPLINSKI; et al., <br><br> Defendants. | Civil No. 16-8181(RMB/AMD) <br><br> **OPINION** |

**RENÉE MARIE BUMB**, United States District Judge:

Pro se Plaintiff Wardell Harvey ("Plaintiff") brings this civil rights action under 42 U.S.C. § 1983, alleging that various Egg Harbor Township police officers used excessive force during his arrest in November 2014. Now, this matter comes before the Court upon a Motion for Summary Judgment ("MSJ")[Dkt. No. 24], filed by Defendants Sergeant Charles Super, Officer Gary Johnson, and Officer Jon D'Augustine ("Defendants") on October 25, 2017, seeking the dismissal of Plaintiff's complaint. Despite this Court's repeated extensions, over a year and a half later, Plaintiff has never submitted a substantive opposition to Defendants' motion. For the reasons set forth herein, Defendants' Motion for Summary Judgment will be **GRANTED** and Plaintiff's complaint will be **DISMISSED**.

## I. FACTUAL BACKGROUND

Late in the evening of November 1, 2014, officers from the Egg Harbor Township Police Department responded to 911 call from Marlene Delarosa, who reported that "2 dudes" were trying to get into her residence. Defendants' Statement of Facts [1]("DSOF")[Dkt. 24-6], at ¶ 1. Upon responding to the scene, officers observed a white Mercedes backing out of the driveway. Id. at ¶ 2. The officers proceeded to pull over the white Mercedes and observed that there were two black males in the vehicle, which displayed New Jersey registration number H86DSX. Id. As the officers began approaching the Mercedes, the vehicle abruptly fled the scene, nearly striking several parked cars on the street. Id. The officers returned to their vehicle and advised dispatch about what had occurred. Id. at ¶ 3. The officers also advised dispatch that Ms. Delarosa had informed them that the Mercedes

---

[1] The Court notes that Defendants' Statement of Facts was contained within the summary judgment brief. This fails to formally comply with Local Rule 56.1, which requires the movant to furnish a statement of material facts as "a separate document (not part of a brief)." See L. Civ. R. 56.1(a). However, as Defendants' Statement of Facts is unopposed and structured "in separately numbered paragraphs citing to the affidavits and other documents submitted in support of the motion," the Court will accept the statement of facts in this instance. Furthermore, because Plaintiff failed to respond to Defendants' Motion for Summary Judgment, the facts contained in Defendants' Statement of Facts shall be "deemed undisputed for the purposes of the summary judgment motion." L. Civ. R. 56.1(a).

had bullet holes and had been outfitted with bullet-proof glass. Id. at ¶ 4.

After receiving notification from dispatch that the white Mercedes was last seen on Zion Road entering Egg Harbor Township, Sergeant Charles Super observed the vehicle in question heading westbound on Zion Road at a high rate of speed with a complete disregard for the safety of others. See DSOF, at ¶ 6. After an approximately 15-minute pursuit, two patrol cars forced the white Mercedes to stop by eliminating escape routes. Id. During this process, Sergeant Super pulled his patrol car in front of the Mercedes and Officer Gary Johnson pulled his patrol car approximately 20-feet behind the Mercedes. Id. at ¶¶ 7-8.

Sergeant Super exited his vehicle with his weapon drawn and instructed the occupants of the Mercedes to put their hands up. See DSOF, at ¶ 7. However, the driver, later identified as the Plaintiff, put the car in reverse and began to back his car towards Officer Johnson's vehicle. Id. at ¶ 8. Observing the Mercedes reversing towards his own patrol vehicle, Officer Johnson exited his car with his gun drawn and ordered Plaintiff to turn off the vehicle and exit with his hands up. Id. As Plaintiff continued to reverse the Mercedes, Officer Jon D'Augustine approached the scene. Id. Fearing that Plaintiff would continue to accelerate and flee the scene, Officer Johnson

opened the door to the Mercedes and grabbed Plaintiff's arm to pull him out of the car. Id. At this point, the officers could smell the "overwhelming odor of alcohol" emanating from the vehicle. Id. Despite the officers' warnings that Plaintiff was under arrest and numerous verbal commands to exit the vehicle, Plaintiff continued to resist. Id.

During the ensuing struggle, Officers Johnson and D'Augustine, as well as Plaintiff, fell to the ground, causing Plaintiff to hit his face on the asphalt. See DSOF, at ¶ 8. While on the ground, Plaintiff continued to resist for approximately one minute, until the officers successfully gained control of the situation and handcuffed Plaintiff. Id. At this point, Plaintiff was searched and officers found a glass pipe for smoking cocaine with residue. Id. Meanwhile, Sergeant Super took the vehicle's passenger, Douglas Edwards, into custody without incident. See Sgt. Super's Investigative Report ("Ehibit F")[Dkt. No. 24-12], at 3.

An ambulance was requested on the scene to treat Plaintiff for injuries sustained during the struggle. See DSOF, at ¶ 9. Plaintiff was first transported to Hammonton Hospital, where he refused to consent to giving blood and urine samples. Id. At the hospital, Plaintiff's breath continued to smell strongly of alcohol. Id. Plaintiff was then transferred to Cooper Hospital for treatment of an orbital fracture sustained during the

4

struggle with the officers. Id. Officer D'Augustine also suffered injuries to his back during the struggle. Id. at ¶ 11.

The Egg Harbor Township Police Department issued the following warrants to Plaintiff in relation to his arrest on November 2, 2014: possession of cocaine(N.J.S.A. 2C:35-10A(1)), knowingly fleeing and eluding police (N.J.S.A. 2C:29-2B), possession of drug paraphernalia (N.J.S.A. 2C:36-2), possession of a weapon (N.J.S.A. 2C:39-9D), and assault against a law enforcement officer(N.J.S.A. 2C:12-1B(5)(A). DSOF, at ¶ 10. The Northfield Police Department also issued warrants to Plaintiff for various motor vehicle offenses, in addition to eluding under N.J.S.A. 2C:29-2B. Id.

On November 4, 2016, Plaintiff appeared in the Criminal Division of New Jersey Superior Court, Atlantic County, for plea proceedings in relation to his November 2, 2014 arrest. Plaintiff pleaded guilty to knowingly fleeing and eluding police (N.J.S.A. 2C:29-2B) and refusal to submit to a breath test (N.J.S.A. 39:4-50.4(a)). DSOF, at ¶ 11. In exchange for the plea agreement, state prosecutors agreed that Plaintiff would be sentenced as a third degree offender to three years in New Jersey state prison and ordered to pay $32,629.03 in restitution for workers' compensation medical costs related to the injuries suffered by Officer D'Augustine. Id. At the plea proceeding, Plaintiff admitted on the record that he failed to stop his

vehicle as requested by the officers and operated his vehicle in a manner that created a substantial risk of injury or death to others. Id.

II. **PROCEDURAL HISTORY**

On November 2, 2016, Plaintiff commenced this action by filing a pro se Complaint [Dkt. No. 1], along with an application to proceed in forma pauperis ("IFP"). Accordingly, the Court screened Plaintiff's complaint and granted Plaintiff's IFP application on December 22, 2016 [Dkt. Nos. 3, 4]. In the same Opinion and Order, the Court dismissed Plaintiff's purported § 1983 claims against Officers Pete Czplinski, Christopher Ruef, Benjamin Kollman, and S. Hiltner. The Court also dismissed Plaintiff's § 1983 false arrest claim against Defendants, but allowed Plaintiff's § 1983 excessive force claim against Defendants to proceed.

On January 26, 2017, Plaintiff filed a Motion to Appoint Pro Bono Counsel [Dkt. No. 8], which was denied by Magistrate Judge Ann Marie Donio on February 9, 2017 [Dkt. No. 9]. On May 4, 2017, Plaintiff filed a renewed Motion to Appoint Pro Bono Counsel [Dkt. No. 15], which was denied by Magistrate Judge Donio on May 12, 2017 [Dkt. No. 16]. The deadline for pretrial factual discovery passed on June 30, 2017, without Plaintiff producing any documents or affidavits.

Defendants filed this Motion for Summary Judgment on October 25, 2017, seeking dismissal of Plaintiff's remaining § 1983 excessive force claim against Defendants. After learning that Defendants had served the motion upon Plaintiff at an outdated address,[2] this Court issued an Order, on May 21, 2018 [Dkt. No. 25], instructing Defendants to personally serve the Motion for Summary Judgment upon Plaintiff at his new address and file a certificate of service. On June 3, 2018, Defendants filed a certificate of service [Dkt. No. 26], indicating that the motion had been personally served at Plaintiff's new address on May 28, 2018.

After this Court issued an Order, on June 7, 2018 [Dkt. No. 27], instructing Plaintiff to respond to the Summary Judgment Motion within one month, Plaintiff submitted a letter, dated July 7, 2018 [Dkt. No. 28], claiming that he still had not received a copy of the motion.

On February 15, 2019, this Court issued an Order [Dkt. No. 29] requiring Plaintiff to file a response by March 11, 2019 and warned Plaintiff that it would treat the Motion for Summary Judgment as unopposed if no response was filed. Noting

---

[2] Defendants initially attempted to serve the Motion for Summary Judgment to Plaintiff at the New Jersey state prison where he had been serving the sentence for his conviction that stemmed from the arrest at issue in this case. However, Plaintiff was released from state prison on September 18, 2017, approximately one month before Defendants filed their motion.

Plaintiff's pro se status, the Court also took the extraordinary step of instructing the Clerk of the Court to mail a copy of the Motion for Summary Judgment and all exhibits to Plaintiff's address.

On March 12, 2019, Plaintiff filed a letter requesting an additional forty days to respond to the motion [Dkt. No. 30]. In that letter, Plaintiff claimed that he was "working diligently on putting together [his] response," and noted that his letter was late because he had difficulty finding a ride to the courthouse in Camden.

On March 13, 2019, this Court issued an Order, granting Plaintiff an extension to respond until March 29, 2019 [Dkt. No. 31]. The Court also apprised Plaintiff of his ability to file his response through First Class Mail and provided mailing instructions, in the event Plaintiff had difficulty traveling to the courthouse in Camden. The Court reiterated its warning that if Plaintiff failed to respond, the Motion for Summary Judgment would be treated as unopposed. As of the date of this Opinion, Plaintiff has still not filed a substantive response.

### III. STANDARD OF REVIEW

Summary judgment shall be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a). A fact is "material" only if it might impact the "outcome of the suit under the governing law." Gonzalez v. Sec'y of Dept of Homeland Sec., 678 F.3d 254, 261 (3d Cir. 2012). A dispute is "genuine" if the evidence would allow a reasonable jury to find for the nonmoving party. Id.

The movant has the initial burden of showing through the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits "that the non-movant has failed to establish one or more essential elements of its case." Connection Training Servs. v. City of Phila., 358 F. App'x 315, 318 (3d Cir. 2009). "If the moving party meets its burden, the burden then shifts to the non-movant to establish that summary judgment is inappropriate." Id. In the face of a properly supported motion for summary judgment, the nonmovant's burden is rigorous: he "must point to concrete evidence in the record"; mere allegations, conclusions, conjecture, and speculation will not defeat summary judgment. Orsatti v. New Jersey State Police, 71 F.3d 480, 484 (3d Cir. 1995); accord Jackson v. Danberg, 594 F.3d 210, 227 (3d Cir. 2010) (citing Acumed LLC. v. Advanced Surgical Servs., Inc., 561 F.3d 199, 228 (3d Cir. 2009)("speculation and conjecture may not defeat summary judgment").

When a plaintiff fails to respond to a summary judgment motion, the moving party's statement of material facts "shall be deemed undisputed for purposes of the summary judgment motion." See L. Civ. R. 56.1(a). Although a plaintiff's failure to respond is "not alone a sufficient basis for the entry of a summary judgment," the Court may grant summary judgment if the undisputed facts establish that judgment is "appropriate" as a matter of law under the standards of Rule 56. See Anchorage Assocs. v. Virgin Islands Bd. of Tax Review, 922 F.2d 168, 175 (3d Cir. 1990).

**IV. <u>DISCUSSION</u>**

In the Motion for Summary Judgment, Defendants argue that dismissal is warranted because there are no facts upon which a jury could hold Defendants liable for excessive force against Plaintiff. This Court agrees.

A § 1983 excessive force claim is analyzed under the Fourth Amendment's "objective reasonableness" standard, which scrutinizes the reasonableness of the challenged conduct under the circumstances. Reasonableness is to be evaluated from the "perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." See Carswell v. Borough of Homestead, 381 F.3d 235, 240 (3d Cir. 2004)(citing Graham v. Connor, 490 U.S. 386, 396 (1989)). The facts to be examined

include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officer or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Graham, 490 U.S. at 396. Plaintiff bears the burden of proof to establish the elements of an excessive force claim. See Edwards v. City of Philadelphia, 860 F.2d 568, 572 (3d Cir. 1988).

Because the burden of proof is on Plaintiff, Defendants need not support their position with affidavits or other evidence. Although it would be enough for them to argue that Plaintiff lacks evidence to support his claim, Defendants have submitted police reports and transcripts from Plaintiff's plea and sentencing proceedings. Based on the contents of the police reports, Plaintiff's admissions in his plea and sentencing proceedings, and Plaintiff's failure to submit any evidence into the record, Defendants argue that there are no facts to support Plaintiff's claims. Furthermore, Defendants argue that the evidence supports a finding that Defendants' conduct during Plaintiff's arrest, on November 2, 2014, was reasonable under the circumstances. Indeed, the evidence set forth by Defendants suggests that: (1) the officers had reasonable cause to pursue Plaintiff's vehicle; (2) Plaintiff attempted to elude police; (3) Plaintiff was under the influence of alcohol (and possibly other illegal substances); (4) Plaintiff ignored the officers'

repeated instructions to stop, exit his vehicle, and surrender to police; (5) the officers reasonably feared for their safety; and (6) the officers acted reasonably under the circumstances and did not intentionally injure Plaintiff.

Plaintiff has failed to provide a substantive response to Defendants' arguments. Plaintiff claimed, in his March 12, 2019 letter, that along with his opposition, he would be submitting photos from Defendants' "body cam and dash cam," photos of the alleged injuries to his face, and evidence that Defendants "tamper[ed] with body cams so that they could not record." However, Plaintiff never submitted a response, let alone any of this purported evidence. In fact, Plaintiff did not even submit an affidavit from himself. Even if Plaintiff could produce such evidence, the deadline for factual discovery passed almost two years ago.

Given the absence of any factual support in the record, Plaintiff's claims rest solely upon his allegations in his pro se complaint. "The nonmoving party may not, in the face of a showing of a lack of a genuine issue, withstand summary judgment by resting on mere allegations or denials in the pleadings." Warner v. Kuzob, 2009 WL 90385, at *2 (D.N.J. Jan. 12, 2009)(citing U.S. v. Premises Known as 717 S. Woodward Street, Allentown, Pa., 2 F.3d 529, 533 (3d Cir.1993)). Rather, "that party must set forth specific facts showing that there is a

genuine issue for trial," otherwise "summary judgment, 'if appropriate,' will be entered." Id.

The Court has done its best to cull the facts from the pro se Plaintiff's filings and to construe Plaintiff's claims liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, Defendants have set forth factual evidence demonstrating that they acted reasonably under the circumstances. Therefore, the Court will grant Defendants' motion because there is nothing in the record to support Plaintiff's excessive force claim. See West v. Garcia, 2010 WL 3952273, at *3 (D.N.J. Oct. 8, 2010).

## V. CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment will be **GRANTED**. Plaintiff's Complaint will be **DISMISSED** with prejudice. An appropriate Order shall issue on this date.

DATED: May 8, 2019

                                                _s/_Renee Marie Bumb
                                                RENÉE MARIE BUMB
                                                United States District Judge